**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

                                                                       **Case No. 4:97cr44-RH**

**vs.**

**JOHANN ROSHE WOLMARANS,**

    **Defendant.**

                                          /

## REPORT AND RECOMMENDATION TO DENY CORAM NOBIS PETITION

Defendant Wolmarans, proceeding pro se, has filed a document titled "MOTION FILED UNDER THE [WRIT] OF ERROR CORAM NOBIS ALSO SEE NEW EVIDENCE." Doc. 130. He asserts that 18 U.S.C. § 922(g)(8) is an "unfounded federal law" and unconstitutional. *Id.*, p. 1. He claims he "is not taking on 18 [U.S.C.] 922(g)(8) in particular; rather taking on Federal jurisdiction." *Id.* He claims that coram nobis is his only remedy, that Congress has no authority to interfere in a state matter as presented here, where "[t]his gun was the private property of the gun dealer, who was residing in the State of Florida where Plaintiff was living. And he owned it for several years before he sold it to Plaintiff" *Id.*, p. 2. Defendant asserts that he "did not commit a crime with it, [did] not threaten any person with it, and neither did her fire a shot with it; there is no

evidence in this Court to anything different." *Id. See also* pp. 5-10 (citing cases regarding the Second Amendment and general limitations on the power of Congress).

Defendant cites a number of cases claiming that there was no jurisdiction as he did not ship the gun across state lines, and that the prior felony could not be counted as he did not have an attorney or waive his right to an attorney. *Id.*, pp. 2-3. He seeks my recusal and of District Judge Hinkle based on a prior recusal. *Id.*, pp. 3-4. He asserts jury tampering, as well as improper conduct by the prosecutor. *Id.*, pp. 4-5.

Mr. Wolmarans is not in federal custody and his sentence expired years ago. He resides in South Africa, though he provides a mailing address in Havana, Florida.

In the report and recommendation of June 10, 2003, I noted the prior proceedings to that date, found recusal was not warranted, and found that Defendant's various claims (including a challenge to the validity of § 922(g)(8)) could have been raised previously and therefore coram nobis relief was not available. Doc. 119 (incorporated herein by reference). The recommendation was adopted. Doc. 120. Reconsideration was denied, and judgment was entered on the denial of coram nobis relief so Defendant would have the opportunity to appeal. Docs. 127-129. The judgment was entered on the docket on December 7, 2004. Doc. 129. Defendant did not appeal, or file anything until the current motion dated August 13, 2009.

For his challenge to § 922(g)(8), the court's jurisdiction, and the constitutionality of his expired conviction, coram nobis remains unavailable to Defendant because there was at one time an available avenue of relief (either direct appeal or timely § 2255 motion). *See* Alikhani v. United States, 200 F.3d 732, 734 (11th Cir.), *cert. denied*, 531 U.S. 929 (2000) (coram nobis "is appropriate only when there is and was no other

available avenue of relief," and "the writ may issue 'only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'"), *citing* United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954) *and* Moody v. United States, 874 F.2d 1575, 1576-78 (11th Cir. 1989), *cert denied*, 493 U.S. 1081 (1990); *see also* United States v. Mosavi, 138 F.3d 1365, 1366, n. 1 (11th Cir. 1998) (coram nobis is a limited remedy of last resort, unavailable where defendant failed to raise his issue on direct appeal) (citation omitted).

Indeed, not only was there an available avenue of relief for challenging jurisdiction, it appears this Defendant actually challenged the constitutionality of § 922(g)(8) on direct appeal. United States v. Wolmarans, 167 F.3d 539 (Table) (11th Cir. December 31, 1998), *rehg. en banc denied*, 176 F.3d 496 (Table) (11th Cir. March 8, 1999) (decisions without reported opinions).[1] Defendant claimed in his brief that Congress exceeded its powers under the Commerce Clause in enacting § 922(g)(8). Appellant's Initial Brief filed April 22, 1998 (available in Westlaw), 1998 WL 34177210; *see also* Brief of Appellee filed May 22, 1998 (available in Westlaw), 1998 WL 34177211.

This case is closed. The sentence has expired. A challenge to jurisdiction not only *could* have been raised on direct appeal, it was raised, and rejected. Defendant is not entitled to any relief.

---

[1] The mandate was filed as doc. 69 in this case, though (given the date) it was not scanned into the electronic docket as recent documents have been. The physical file is now in federal archives.

Case No. 4:97cr44-RH

It is therefore respectfully **RECOMMENDED** that the motion for writ of error coram nobis, doc. 130, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on September 11, 2009.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**